An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-768

Filed 15 July 2026

Guilford County, No. 20CVD008671-400

MELINDA REYNOLDS STOREY, Plaintiff,

v.

GILBERT SCOTT STOREY, Defendant.

Appeal by Defendant from Order entered 10 February 2025 by Judge Marc R. Tyrey in Guilford County District Court. Heard in the Court of Appeals 11 March 2026.

*Connell & Gelb PLLC, by Michelle D. Connell, for Plaintiff-Appellee.*

*Greensboro Family Law, by Rebecca Perry, for Defendant-Appellant.*

HAMPSON, Judge.

## Factual and Procedural Background

Gilbert Scott Storey (Defendant) appeals from an Order denying his counterclaim to Rescind Post-Marital Agreement. Defendant, however, has failed to establish grounds upon which we may assert jurisdiction over this matter. Further, the parties' joint Petition for Writ of Certiorari fails to provide grounds for issuance

of the writ and instead simply tries to cure Defendant's failure to assert a right to appeal. We deny the Petition for Writ of Certiorari and dismiss the appeal. The Record before us tends to reflect the following:

Defendant and Melinda Reynolds Storey (Plaintiff) married on 9 June 2001. In December 2018, Defendant admitted to having an extramarital affair. Plaintiff asked Defendant to sign a post-nuptial agreement to protect their assets in the event Defendant was sued for alienation of affection (the Agreement). Defendant's understanding under the Agreement was Plaintiff would "get the assets[ ]" if he had another affair. The Agreement was executed on 18 October 2019.

The parties formally separated on 14 November 2020. On 4 December 2020, Plaintiff commenced the present action against Defendant, asserting claims for Child Custody and Child Support, Equitable Distribution, Post-Separation Support, and Alimony. Defendant filed an Answer and Counterclaims on 25 March 2021. Among Defendant's counterclaims was a counterclaim to Rescind the Agreement. Specifically, Defendant asserted the Agreement was not valid or enforceable because he had signed it: under duress and undue influence; through fraud, misrepresentation, and coercion; without adequate disclosure of the marital assets; and because Plaintiff breached her fiduciary duty to him.

On 10 February 2025, the trial court entered an Order denying Defendant's counterclaim to Rescind the Agreement. Defendant timely filed written Notice of Appeal on 3 March 2025. Defendant filed his Appellant Brief on 24 October 2025.

Defendant was subsequently granted leave to file an amended brief. Defendant filed the amended brief on 3 November 2025. After briefing was completed, the parties filed a joint Petition for Writ of Certiorari (PWC) on 3 March 2026.

## Appellate Jurisdiction

"[A]ppeal lies of right directly to the Court of Appeals . . . [f]rom any final judgment of a district court in a civil action." N.C. Gen. Stat. § 7A-27(b)(2) (2025). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

An appeal may also be taken to this Court from certain interlocutory orders. N.C. Gen. Stat. § 7A-27(b)(3). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 (citation omitted). To establish appellate jurisdiction in an interlocutory case, the appellant must show that either the order was certified for appeal by the trial court under Rule 54(b) of our Rules of Civil Procedure, *see* N.C. Gen. Stat. § 1A-1, Rule 54(b), or the appeal affects a substantial right "claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment[,]" *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 (citations omitted). "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment."

*McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 804 (2002) (citation and quotation marks omitted).

In the instant case, Defendant, in his Statement of the Grounds for Appellate Review, acknowledged this is an interlocutory appeal. However, he provided only a cursory, boilerplate statement the trial court's Order impacts his substantial rights—without presenting any substantive argument in support of his assertion as required by our appellate rules. *See* N.C. R. App. P. 28(b)(4) (2026) ("When an appeal is interlocutory, the statement [of the grounds for appellate review] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right."). Nor did Defendant identify what substantial right of his has been impacted or how delaying the appeal will work an injury to him. *See Veazey*, 231 N.C. at 362, 57 S.E.2d at 381.

While Defendant included a single citation to *Johnson v. Johnson*, 259 N.C. App. 823, 826, 817 S.E.2d 466, 470 (2018), he did not explain whether or how *Johnson* supports his position. *See* N.C. R. App. P. 28(b)(4); *id.* 28(b)(6) ("Issues not presented in a party's brief, *or in support of which no reason or argument is stated*, will be taken as abandoned." (emphasis added)).

"It is not the duty of this Court to construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citations omitted). Rather, the burden is on the appellant to establish "the order deprives the

appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Id.* (citations omitted). Here, Defendant has not identified what substantial right of his has been impacted nor how the Order "will work an injury to him if not corrected before an appeal from the final judgment." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Therefore, Defendant has failed to show we have jurisdiction over his appeal.

Although not raised by Defendant in his opening brief, we note the trial court's Order includes a Rule 54(b) certification:

> This Order constitutes a final judgment on Defendant's Second Counterclaim for Recission of the Agreement. This Order affects a substantial right of each party with respect to his and her respective underlying equitable distribution claim in this action.

*See Smock for Smock v. Brantley*, 76 N.C. App. 73, 74-75, 331 S.E.2d 714, 716 (1985) (holding a trial court's order that "denial of an immediate appeal would affect a substantial right" is "tantamount to a [Rule 54(b)] certification that there was no just reason for delay"), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 30 (1986).

Under Rule 54(b), "[w]hen more than one claim for relief is presented in an action, . . . the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment." N.C. Gen. Stat. § 1A-1, Rule 54(b). A Rule 54(b) certification gives this Court appellate jurisdiction over an otherwise interlocutory order. *McConnell*, 151 N.C. App. at 624, 566 S.E.2d at 803. However, "a trial court cannot 'by

denominating [its] decree a final judgment make it immediately appealable under Rule 54(b) if it is not such a judgment.'" *Johnson v. Johnson*, 208 N.C. App. 118, 122, 701 S.E.2d 722, 725 (quoting *Tridyn Indus., Inc. v. Am. Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979)) (internal quotation marks omitted). Moreover, "the trial court's determination that there is no just reason to delay the appeal, while accorded great deference, cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (citations and quotation marks omitted).

Here, "regardless of the trial court's finding and certification, the Order is not a final judgment on a claim for relief and is not appealable under Rule 54(b)." *Johnson*, 208 N.C. App. at 122, 701 S.E.2d at 725. In her Complaint, Plaintiff alleged she was entitled to distribution of assets based on the terms set out in the Agreement. Thus, "Plaintiff's allegation of the Agreement is properly characterized as a preemptive plea in bar—essentially, an anticipated response to Defendant's potential counterclaims[.]" *Id.* (citing *Garris v. Garris*, 92 N.C. App. 467, 468, 374 S.E.2d 638, 639 (1988)). Accordingly, the Order denying Defendant's counterclaim to Rescind the Agreement is properly viewed as a judgment on Plaintiff's plea in bar. *See id.* at 122, 701 S.E.2d at 726. "As such, the Order is not immediately appealable because an order disposing of a plea in bar is not a final judgment on a claim for relief under Rule

54(b)." *Id.* at 122-23, 701 S.E.2d at 726 (citing *Garris*, 92 N.C. App. at 470, 374 S.E.2d at 640).

Moreover, "[i]nstead of being a separate judicial unit, the judgment on this 'claim' is more properly characterized as a threshold determination of the validity of the remaining claims." *Id.* at 125, 701 S.E.2d at 727. Therefore, even presuming Defendant had properly asserted we have jurisdiction over his appeal under Rule 54(b), "[b]ecause the Order does not fully and finally adjudicate a claim for relief separable from the remaining claims in the case," it is not immediately appealable under Rule 54(b). *Id.*

On 3 March 2026, approximately four months after Defendant filed his amended opening brief, the parties filed a joint PWC with this Court, asking us to review the present appeal despite its interlocutory nature, in an apparent attempt to backfill the arguments Defendant failed to present in his opening brief.

"The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals . . . when no right of appeal from an interlocutory order exists[.]" N.C. R. App. P. 21(a)(1). "Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), *cert. denied*, 362 U.S. 917, 80 S. Ct. 670, 4 L. Ed. 2d 738 (1960). "[A] writ of certiorari should issue only if the petitioner can show merit or that error was probably committed below[ ]" and "only if there are extraordinary circumstances to justify it." *Cryan v. Nat'l*

*Council of Young Men's Christian Ass'ns of the U.S.*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023) (citations and quotation marks omitted). "Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Id.* at 573, 887 S.E.2d at 851 (citation omitted).

In the PWC, the parties present three arguments under which they contend we should review the present appeal despite its interlocutory nature: (1) the trial court certified the Order under Rule 54(b), which, as we explained above, should have been asserted in Defendant's opening brief and, that failure notwithstanding, does not make the Order immediately appealable in this case; (2) because "orders determining the validity of postmarital agreements should be treated as immediately appealable under the same rationale as premarital agreements and separation agreements"; and (3) the Order "affects both parties' substantial rights."

Even presuming the parties have shown merit with any of the above arguments, they have not shown there are extraordinary circumstances to justify granting the PWC. *See id.* at 572, 887 S.E.2d at 851. To be clear, the grounds for jurisdiction should have been presented in Defendant's opening brief, *see* N.C. R. App. P. 28(b)(4), and a petition for writ of certiorari is not a method by which a party may simply supplement arguments they failed to make.[1] Indeed, certiorari is appropriate

---

[1] We do not permit an appellant to cure a failure to establish jurisdiction in this Court even in a Reply Brief. *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 78, 772 S.E.2d 93, 96 (2015) ("We will not allow Defendants to use their reply brief to independently establish grounds for appellate review.").

in civil cases when either the right to appeal has been lost or "when *no right* of appeal from an interlocutory order exists[.]" N.C. R. App. P 21(a)(1) (emphasis added).

Further, it is well-established this Court may grant a petition for certiorari only if the petitioner can show there are *extraordinary circumstances* to justify it and error was probably committed below. *Cryan*, 384 N.C. at 572, 887 S.E.2d at 851. A petitioner's failure to present specific arguments on appeal, without more, is not an extraordinary circumstance contemplated under this standard. Rather, such a failure should generally result in abandonment of the issue. N.C. R. App. P. 28(b)(6). In fact, here, Defendant had an opportunity to correct his failure to establish jurisdiction through filing his amended brief.

Thus, Defendant has not shown a right to appeal based on a substantial right by explaining how the trial court's Order "will work an injury to him if not corrected before an appeal from the final judgment." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 (citations omitted). Moreover, the Rule 54(b) certification is ineffective as the trial court's Order does not constitute a final judgment as to any claim. *Johnson*, 208 N.C. App. at 122-23, 701 S.E.2d at 726. Nor have the parties established grounds under which we may grant the joint PWC and review the appeal. Therefore, we lack jurisdiction to review this matter on the merits. Consequently, we deny the joint PWC and dismiss the appeal. *See Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254.

## Conclusion

Accordingly, for the foregoing reasons, we dismiss the appeal for lack of

jurisdiction.

DISMISSED.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).